486-07/PJG/EEL
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiffs
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Eric E. Lenck (EL 4547)
Pamela L. Schultz (PS 8675)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/7/07

JUDGE COTE
07 CIV 9876

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NOVOSHIP (UK) LIMITED, CALLY SHIPHOLDINGS
INC., VITAL SHIPPING CORPORATION, and
DAINFORD NAVIGATION INC.,

                        Plaintiffs,

   - against -

WILMER RUPERTI, SEA PIONEER SHIPPING
CORPORATION, and PMI TRADING INC., JOHN DOE
(fictitious) and JOHN DOE INC. (fictitious),

                        Defendants.
------------------------------------------------------------x

07-CV-

ORDER DIRECTING CLERK
TO ISSUE PROCESS OF
MARITIME ATTACHMENT &
GARNISHMENT &
APPOINTING PERSON TO
SERVE PROCESS PURSUANT
TO RULE 4(c) & SCOPE OF
SERVICE

      Upon reading and filing the Verified Complaint of the Plaintiff herein, verified on the 7th day of November 2007, and the Affidavit of Pamela L. Schultz, duly sworn to on the same day, that to the best of her information and belief Defendants cannot be found within this District for the purpose of an attachment under Supplemental Rule B(1), and the Court having found that the conditions required by Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist,

      NOW, upon motion of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff, it is hereby

O R D E R E D that the Clerk of this Court is directed forthwith to issue the Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property of the Defendant, as

NYDOCS1/293278.1

described therein, including but not limited to any property of the Defendant (collectively hereinafter "ASSETS"), as may be held, received or transferred in any of their names, to wit: Wilmer Ruperti a/k/a Wilmer Ruperti Perdomo a/k/a Wilmer Jose Ruperti Perdomo, Sea Pioneer Shipping Corporation and PMI Trading Inc. or for their benefit, at, moving through, or within the possession, custody or control of banking institutions and/or other institutions or such other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of USD $17,149,420 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**O R D E R E D** that supplemental process enforcing the Court's Order may be issued and served without further Order of the Court; and it is further

**O R D E R E D** that Robert Ridenour, Joan Sorrentino, Christina Gargano, Barbara G. Carnevale, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint, together with a copy of this Order and any interrogatories, upon any garnishee named in the Process, together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for, or on behalf of the Defendant; and it is further

**O R D E R E D** that following initial service upon any garnishee by the United States Marshal or any other person designated by this or any subsequent Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, such service to be in accordance with each garnishee's preference or policy, and such facsimile or other electronic transmission shall be deemed to be made within the district if it has been sent from within the district; and it is further

**O R D E R E D** that service on any garnishee herein is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service, and it is further deemed to be effective through the end of the next business day, provided another service is made the next business day.

Dated: New York, New York
       November 7, 2007

_____
U.S.D.J.