486-07/PJG
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiffs
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Gina Venezia (GV 1551)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NOVOSHIP (UK) LIMITED, CALLY SHIPHOLDINGS INC., VITAL SHIPPING CORPORATION, and DAINFORD NAVIGATION INC.,

                      Plaintiffs,

- against -

WILMER RUPERTI, SEA PIONEER SHIPPING CORPORATION, and PMI TRADING INC., JOHN DOE (fictitious) and JOHN DOE INC. (fictitious),

                      Defendants.

07-CV-9876 (DLC)

**GUTOWSKI AFFIDAVIT**

---

I, PETER J. GUTOWSKI, declare as follows:

1. I am a partner in the firm of Freehill Hogan & Mahar, LLP, counsel for Plaintiffs herein. I am familiar with the facts and pleadings filed in these proceedings. I am also familiar with the pleadings filed and proceedings had in connection with a companion case filed in the U.S. District for the Southern District of Florida, against two of the three defendants identified herein which involves the same allegations as presented herein.

2. The purpose of this affidavit is to present to the Court copies of the following documents and to advise the Court of certain developments since the hearing in this case on December 14, 2007.

**Introduction of Documents**

3. Attached as **Exhibit 1** hereto is a copy of our letter dated December 13, 2007, to the Court which was provided on an *ex parte* basis to advise the Court of the companion case in Florida. During the hearing in the captioned case on December 14, 2007, the Court instructed us to file a copy of the letter on the ECF system. A copy has been previously provided to opposing counsel.

4. Attached hereto as **Exhibit 2** is a copy of the Declaration of Michelle Jacqueline Linderman previously filed with the Court on December 13, 2007.

5. Attached hereto as **Exhibit 3** is a copy of the Declaration of Vladimar Petromsho Oskirki also previously filed with the Court on December 13, 2007.

6. Attached as **Exhibit 4** is a copy of the Affidavit of Pamela L. Schultz previously submitted with the *ex parte* application on November 7, 2007.

7. Attached as **Exhibit 5** is a copy of the Affidavit of Pamela L. Schultz submitted with the application for renewal of the attachment, dated December 19, 2007.

8. Attached as **Exhibit 6** is a copy of the First Amended Verified Complaint filed in the companion Florida action, which contains allegations substantially identical to those filed in the First Amended Verified Complaint filed in the captioned case on December 13, 2007 (with the exception that only two defendants are named).

9. Attached hereto as **Exhibit 7** is a copy of the order of the Florida Court directing issuance of Process of Maritime Attachment and Garnishment pursuant to Supplemental Admiralty Rule B.

**Developments Since the December 14, 2007, Hearing**

10. From the date of issuance of the original order of attachment on November 7, 2007, through the date of the above-referenced hearing, funds totaling $3,054,265.47 have been restrained, but there has been no restraint of any funds or assets by any garnishee bank after November 28, 2007.

11. On Monday, December 17, 2007, the first day on which we did not make service (pursuant to the direction of the Court at the hearing on December 14, 2007), I was contacted by telephone by one of the garnishees who advised that funds had started to come through the bank again, and inquiry was made as to whether those funds should be restrained given that the order of attachment was no longer being served by Plaintiffs. I advised that pursuant to the Court's order of December 14, any funds moving through the bank could not be frozen and I am advised that the funds were then sent through to the intended beneficiary(ies).

12. I was also contacted by telephone on Tuesday, December 18, 2007, by a reporter from the Miami Herald inquiring about the status of the captioned case and the developments at this Court's December 14 hearing. The reporter indicated that he heard about the New York case because his "sources" had witnessed Mr. Ruperti celebrating at the La Dorada restaurant in Coral Gables, Florida, "his victory over Plaintiffs", and he had reviewed the docket for this case on Pacer but did not see an Order. The reporter explained he is writing an article on Mr. Ruperti.

_____
Peter J. Gutowski

Sworn to before me this
19th day of December 2007

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009

NYDOCS1/295768.1

3