486-07/PJG/EEL
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiffs
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Gina M. Venezia (GV 1551)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NOVOSHIP (UK) LIMITED, CALLY SHIPHOLDINGS
INC., VITAL SHIPPING CORPORATION, and
DAINFORD NAVIGATION INC.,

         Plaintiffs,

  - against -

WILMER RUPERTI, SEA PIONEER SHIPPING
CORPORATION, and PMI TRADING INC., JOHN DOE
(fictitious) and JOHN DOE INC. (fictitious),

         Defendants.
-----------------------------------------------------------------x

07-CV- 9876 (DLC)

SUPPLEMENTAL SCHULTZ AFFIDAVIT PURSUANT TO RULE B(1) AND IN SUPPORT OF ORDER APPOINTING PERSON TO SERVE PROCESS PURSUANT TO RULE 4(c) AND SCOPE OF SERVICE

State of New York )
        ) ss.:
County of New York )

  PAMELA L. SCHULTZ, being duly sworn, deposes and says as follows:

  1.  I am a member of the Bar of the United States District Court, Southern District of New York, admitted to practice before this Court and I am an attorney associated with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff herein.

NYDOCS1/295797.1


EXHIBIT 5

2. This Supplemental Affidavit is submitted pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure (see paragraphs 3-4, below) and in support of Plaintiffs' renewed application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure (see paragraphs 5-9, below). An earlier affidavit was submitted on behalf of Plaintiffs in support of their application pursuant to Rule 4(c) and Supplemental Rule B of the Federal Rules of Civil Procedure. This Supplemental Affidavit merely sets forth the additional searches performed by Plaintiffs in support of the renewed application.

3. Deponent has made an investigation and deponent believes that based upon the results of this investigation, Defendants PMI TRADING INC. and SEA PIONEER SHIPPING CORP. (hereinafter the "Corporate Defendants") are corporations or other business entities that cannot be "found" within this District for the purpose of an attachment under Rule B and that Defendant WILMER RUPERTI a/k/a Wilmer Ruperti Perdomo a/k/a Wilmer Jose Ruperti Perdomo (hereinafter referred to as "WILMER RUPERTI") is a natural person who also cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

## **THE CORPORATE DEFENDANTS ARE NOT FOUND WITHIN THE DISTRICT**

(a) Deponent contacted the office of the New York Department of State, Division of Corporations on December 19, 2007, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for Defendants and the search result indicated that the Corporate Defendants are not New York corporations, nor are they licensed, authorized or registered to do business in the State of New York as either domestic or international corporations;

(b) Deponent did identify a listing for the official Department of State website for a PMI Trading Corporation which was a business corporation based in Delaware who initially filed with the Department of State on March 2, 1984 but is inactive at this time.

(c) Deponent consulted with Directory Assistance for New York on December 19, 2007 for area codes (212), (347), (718), (917), (646), (914), and (845) and no listing for the Corporate Defendants was located;

(c) Deponent reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2007 Edition (Vol. 1 New York Metropolitan Area) and no listing for the Corporate Defendants was located;

(d) Deponent accessed on December 19, 2007 through Microsoft Internet Explorer and Yahoo! Search engines the yellow pages telephone directory database and found no listing in that database for any offices or agents of the Corporate Defendants within this District;

(e) Deponent is unaware of any general or managing agent(s) within this District for the Corporate Defendants.

**WILMER RUPERTI IS NOT FOUND WITHIN THE DISTRICT**

(a) Deponent consulted with Directory Assistance for New York on December 19, 2007 for area codes (212), (347), (718), (917), (646), (914), and (845) and found no listings for WILMER RUPERTI or any of his aliases.

(b) Deponent accessed on December 19, 2007, through whitepages.com, the Microsoft Internet Explorer the white and yellow pages telephone directory database and through the Yahoo! Search engines the yellow pages telephone directory database and people search engine and found no listing in that database for any offices or agents of WILMER RUPERTI within this District

(c) Deponent is unaware of any actual current address or telephone number or presence within this District for WILMER RUPERTI and upon information and belief, he is a resident of Venezuela;

4. Based upon the foregoing, your deponent submits that Defendants cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an order of attachment against such tangible and intangible property of Defendants as may be found within this District up to and including the amount of the claim as specified in the Verified Complaint.

5. I also submit this affidavit in support of Plaintiff's application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure for an Order appointing Robert Ridenour, Joan Sorrentino, Christina Gargano, Barbara Carnevale or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP, in addition to the

NYDOCS1/295797.1

United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant to FRCP Supplemental Rule B upon the named garnishee(s) as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of Defendants.

6. Plaintiff is desirous of serving the Process of Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment that may ultimately be entered by Plaintiff against the Defendants.

7. To the extent the Application for an Order Appointing a Special Process Server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it simply involves delivery of the process to the respect of the garnishee(s).

8. Plaintiff also requests that the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendants within this District. By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of the Process without the need to return to the Court for permission to amend the process to simply name other garnishees.

9. In addition, and to avoid the need to repetitively serve the garnishees/banking institutions, Plaintiff respectfully seek leave, as embodied in the accompanying orders, for any process served on a garnishee to be deemed effective and continuous throughout any given day on which process is served up through the next day, to authorize service by facsimile or email following an initial service of the process by hand, and to deem such facsimile or email service as being accomplished within this

NYDOCS1/295797.1

District if such service is transmitted or initiated from within the District provided another service is made the next business day.

                                                  PAMELA L. SCHULTZ

Sworn to before me this
19th day of December, 2007

Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/295797.1