UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NOVOSHIP (UK) LIMITED, CALLY SHIPHOLDINGS, INC., VITAL SHIPPING CORPORATIONS, and DAINFORD NAVIGATION INC.,

                       Plaintiffs,

v.

WILMER RUPERTI, SEA PIONEER SHIPPING CORPORATION, and PMI TRADING, INC., JOHN DOE (fictitious) and JOHN DOE INC. (fictitious),

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 07 Civ. 9876 (DLC)

## DEFENDANT SEA PIONEER CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED VERIFIED COMPLAINT

      Defendant, Sea Pioneer Shipping Corporation ("Sea Pioneer" or "Defendant"), by and through its undersigned counsel, makes a restricted appearance pursuant to Supp. Admiralty R. E(8), and pursuant to Fed. R. Civ. P. 8(b)-(c) and Supp. Admiralty R. B(3), hereby files its Answer and Affirmative Defenses to Plaintiffs, Novoship (UK) Limited ("Novoship"), Cally Shipholdings, Inc. ("Cally"), Vital Shipping Corporation ("Vital"), and Dainford Navigation, Inc.'s, ("Dainford") (collectively "Plaintiffs") First Amended Verified Complaint (hereinafter "Complaint").

      1.     Defendant denies the allegations set forth in Paragraph 1 of the Complaint.

## THE PARTIES

Case No.: 07 Civ. 9876 (DLC)

2. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 2 of the Complaint and therefore denies those allegations.

3. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 3 of the Complaint and therefore denies those allegations.

4. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 4 of the Complaint and therefore denies those allegations.

5. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 5 of the Complaint and therefore denies those allegations.

6. Defendant admits that Wilmer Ruperti is a Venezuelan businessman who owns, directly or indirectly, an interest in Sea Pioneer. Otherwise, Defendant denies the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits that Sea Pioneer is a corporation duly organized and existing under the laws of the Republic of Panama. Otherwise, Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 8 of the Complaint and therefore denies those allegations.

9. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 9 of the Complaint and therefore denies those allegations.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant admits that PDVSA, as part of its operations, charters oil-carrying vessels. Otherwise, Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in Paragraph 15(a)-(d) of the Complaint.

## DEFENDANTS' CREATION AND OPERATION OF THE CHARTER PARTY FOR THE MARSHAL CHUYKOV

16. Paragraph 16 of the Complaint refers to an e-mail that is not attached to the Complaint and has not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 16 of the Complaint and demands strict proof thereof.

17. Paragraph 17 of the Complaint refers to an e-mail that is not attached to the Complaint and has not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 17 of the Complaint and demands strict proof thereof.

18. Paragraph 18 of the Complaint refers to an e-mail that is not attached to the Complaint and has not been reviewed by Defendant. Defendant further states that it has no knowledge of what is contained in Novoship's records. Defendant therefore denies the allegations set forth in Paragraph 18 of the Complaint and demands strict proof thereof.

19. Paragraph 19 of the Complaint refers to an e-mail that is not attached to the Complaint and has not been reviewed by Defendant. Defendant further states that it has no knowledge of what is contained in Novoship's records or files. Defendant therefore denies the allegations set forth in Paragraph 19 of the Complaint and demands strict proof thereof.

20. Paragraph 20 of the Complaint refers to e-mails that are not attached to the Complaint and have not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 20 of the Complaint and demands strict proof thereof.

21. Paragraph 21 of the Complaint refers to a report and a charter party that are not attached to the Complaint and have not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 21 of the Complaint and demands strict proof thereof.

22. Paragraph 22 of the Complaint refers to a report that is not attached to the Complaint and has not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 22 of the Complaint and demands strict proof thereof.

23. Paragraph 23 of the Complaint refers to e-mails and writings that are not attached to the Complaint and have not been reviewed by Defendant. Defendant further states that it has no knowledge of documents that are available to the Plaintiffs. Defendant therefore denies the allegations set forth in Paragraph 23 of the Complaint and demands strict proof thereof.

24. Paragraph 24 of the Complaint refers to a charter party that is not attached to the Complaint and has not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 24 of the Complaint and demands strict proof thereof.

**DEFENDANTS' CREATION AND OPERATION**
**OF THE CHARTER PARTY FOR THE MOSCOW KREMLIN**

25. Paragraph 25 of the Complaint refers to an e-mail that is not attached to the Complaint and has not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 25 of the Complaint and demands strict proof thereof.

26. Paragraph 26 of the Complaint refers to an e-mail that is not attached to the Complaint and has not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 26 of the Complaint and demands strict proof thereof.

27. Paragraph 27 of the Complaint refers to e-mails that are not attached to the Complaint and have not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 27 of the Complaint and demands strict proof thereof.

28. Paragraph 28 of the Complaint refers to e-mails that are not attached to the Complaint and have not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 28 of the Complaint and demands strict proof thereof.

29. Paragraph 29 of the Complaint refers to e-mails that are not attached to the Complaint and have not been reviewed by Defendant. Defendant further states that it has no knowledge of what is contained in Novoship's records. Defendant therefore denies the allegations set forth in Paragraph 29 of the Complaint and demands strict proof thereof.

30. Paragraph 30 of the Complaint refers to an e-mail that is not attached to the Complaint and has not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 30 of the Complaint and demands strict proof thereof.

31. Paragraph 31 of the Complaint refers to an e-mail that is not attached to the Complaint and has not been reviewed by Defendant. Defendant further states that it has no knowledge of what is contained in Novoship's records. Defendant therefore denies the allegations set forth in Paragraph 31 of the Complaint and demands strict proof thereof.

32. Paragraph 32 of the Complaint refers to a report that is not attached to the Complaint and has not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 32 of the Complaint and demands strict proof thereof.

33. Paragraph 33 of the Complaint refers to e-mails that are not attached to the Complaint and have not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 33 of the Complaint and demands strict proof thereof.

34. Paragraph 34 of the Complaint refers to an e-mail that is not attached to the Complaint and has not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 34 of the Complaint and demands strict proof thereof.

35. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 35 of the Complaint and therefore denies those allegations.

36. Paragraph 36 of the Complaint refers to a charter party that is not attached to the Complaint and has not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 36 of the Complaint and demands strict proof thereof.

### DEFENDANTS' CREATION AND OPERATION OF THE CHARTER PARTY FOR THE MOSCOW STARS

37. Paragraph 37 of the Complaint refers to an e-mail that is not attached to the Complaint and has not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 37 of the Complaint and demands strict proof thereof.

38. Paragraph 38 of the Complaint refers to an e-mail that is not attached to the Complaint and has not been reviewed by Defendant. Defendant further states that it has no knowledge of what is contained in Novoship's documents. Defendant therefore denies the allegations set forth in Paragraph 38 of the Complaint and demands strict proof thereof.

39. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 39 of the Complaint and therefore denies those allegations.

40. Paragraph 40 of the Complaint refers to an e-mail that is not attached to the Complaint and has not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 40 of the Complaint and demands strict proof thereof.

41. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 41 of the Complaint and therefore denies those allegations.

42. Paragraph 42 of the Complaint refers to a charter party that is not attached to the Complaint and has not been reviewed by Defendant. Defendant therefore denies the allegations set forth in Paragraph 42 of the Complaint and demands strict proof thereof.

### THE PAYMENTS FROM SEA PIONEER SHIPPING TO PULLEY SHIPPING

43. Defendant denies the allegations set forth in Paragraph 43(a)-(c) of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

### THE BASIS OF MARITIME JURISDICTION

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant is without knowledge of the charters that may exist, or have existed, between Cally, Vital, Dainford and PDVSA, and therefore denies the allegations set forth in Paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51(a)-(f) of the Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

## APPLICATION FOR RULE B RELIEF

57. Defendant admits that one or more of the Plaintiffs have instituted a proceeding in the High Court of London against Vladimir Mikhaylyuk. However, Defendant has not been served with process in relation to that proceeding and are thus is not a party to same. Accordingly, Defendant is without sufficient knowledge to admit or deny and therefore denies the allegations set forth in Paragraph 57 of the Complaint, including specifically with regard to Plaintiffs' assertion that they possess a right to pursue claims against Defendants in the High Court of London.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60. Paragraph 60 does not contain allegations of fact which require a response. In an abundance of caution, Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

65. Defendant admits that it cannot be "found" within this District for the purpose of Supplemental Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter "Supplemental Rule B"). Defendant denies the remaining allegations set forth in Paragraph 65 of the Complaint.

With regard to the prayer for relief set forth on pages 17 and 18 of the Complaint, Defendant denies that Plaintiffs are entitled to any of the relief sought therein as set forth in Paragraphs (a) through (d).

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted under the applicable law(s).

### Second Affirmative Defense

The Complaint does not satisfy the requirements of Supplemental Rule B and, therefore, (1) this action is not properly brought as a Supplemental Rule B attachment, (2) any attachment(s) executed pursuant to the Complaint must be vacated; and (3) Defendant will move to vacate any and all attachments of its property executed pursuant to the Complaint after discovery is obtained from the Plaintiffs.

### Third Affirmative Defense

Plaintiffs do not have a valid *prima facie* admiralty claim against Defendant as required to justify an attachment under Supplemental Rule B.

**Fourth Affirmative Defense**

This Court lacks subject matter jurisdiction over this action because (1) Plaintiffs' underlying claims are non-maritime claims that do not invoke this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333; and (2) Plaintiffs' claims are not federal statutory or federal common law claims that would invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**Fifth Affirmative Defense**

This action should be dismissed for *forum non conveniens* to a more convenient forum that has an interest in, and/or connections to, the claims or the parties, and where personal jurisdiction can be exercised over the parties.

**Sixth Affirmative Defense**

This Court lacks personal jurisdiction over Sea Pioneer because Sea Pioneer cannot be found in this district and Plaintiffs do not have a valid *prima facie* admiralty claim against Sea Pioneer within the meaning of Supplemental Rule B necessary to maintain the attachment of Sea Pioneer's property located in this District.

**Seventh Affirmative Defense**

This Court lacks personal jurisdiction over Sea Pioneer pursuant to Supplemental Rule B because Plaintiffs can obtain personal jurisdiction over Sea Pioneer in a more convenient forum.

**Eighth Affirmative Defense**

Plaintiffs are not entitled to recover the amounts set forth in the Complaint under the applicable law and, therefore, are not entitled to security in such amounts.

Case No.: 07 Civ. 9876 (DLC)

### Ninth Affirmative Defense

Any security obtained by Plaintiffs in this case should be reduced, or vacated, to account for sufficient security obtained by Plaintiffs from Sea Pioneer in another jurisdiction for the same underlying claims.

### Tenth Affirmative Defense

The damages, and attorneys' fees and/or expenses or costs, sought by Plaintiffs as security are frivolous, speculative, excessive, and so disproportionate to Plaintiffs' claims and to any actual harm, that such security is not reasonable necessary to secure the Plaintiffs' claims and is not subject to attachment under Supplemental Rule B and other applicable law.

### Eleventh Affirmative Defense

The amount of security sought to be attached is unsubstantiated by facts, evidence, or legal basis and should be reduced, the prior attachments vacated, and/or the entire action dismissed, to the extent the damage amounts are not supported by facts and applicable law.

### Twelfth Affirmative Defense

Any harm suffered by Plaintiffs was caused by their own actions and omissions.

### Thirteenth Affirmative Defense

The actions and omissions of Plaintiffs bar any recovery by them on any of their underlying claims against Sea Pioneer under the applicable law.

### Fourteenth Affirmative Defense

Any damages to which Plaintiffs may be found to be entitled with respect to their underlying claims were not directly or proximately caused, in whole or in part, by Sea Pioneer

and must be decreased to the extent that acts or omissions of Plaintiffs, or any third party, were a cause of those damages.

**Fifteenth Affirmative Defense**

Sea Pioneer did not commit, participate in, or conspire with anyone in, any tortious or wrongful acts against Plaintiffs. Accordingly, Sea Pioneer is not responsible for any alleged damages and/or harm claimed by Plaintiffs that would warrant security by attachment.

**Sixteenth Affirmative Defense**

Plaintiffs would be unjustly enriched if they recovered any of the damages, or were able to attach any of the security, alleged in the Complaint.

**Seventeenth Affirmative Defense**

Plaintiffs' claims are frivolous, designed to harass Sea Pioneer, and not brought in good faith.

**Eighteenth Affirmative Defense**

Plaintiffs' underlying claims, if valid, are barred, in whole or in part, by the applicable statute of limitations and/or the doctrine of laches.

**Nineteenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the failure of Plaintiffs to mitigate their damages.

**Twentieth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel and unclean hands.

**Twenty-first Affirmative Defense**

Case No.: 07 Civ. 9876 (DLC)

Any claim by Plaintiffs in this lawsuit based on breach of the implied covenant of good faith and fair dealing cannot stand given the absence of any allegation that Sea Pioneer breached an express contract provision, or that it was ever party to any contract with Plaintiffs, or that Plaintiffs suffered any contract damages.

### Twenty-second Affirmative Defense

This Court lacks admiralty jurisdiction over this action under a maritime contract jurisdiction theory because the Amended Particulars of Claim filed by Plaintiffs in London demonstrate that none of the causes of action they have asserted in London against Sea Pioneer are causes of action for breach of contract or breach of implied covenant of good faith and fair dealing.

### Twenty-third Affirmative Defense

Sea Pioneer reserves the right to assert and rely upon such other and further defenses, under any and all applicable law(s), as may be supported by the facts to be determined through full and complete discovery.

Case No.: 07 Civ. 9876 (DLC)

Respectfully submitted,

STROOCK & STROOCK & LAVAN, LLP


By: /s/ Elizabeth H. Cronise_____

    James L. Bernard (JLB-4273)
    Elizabeth H. Cronise (EC-7024)

    180 Maiden Lane
    New York, NY 10038-4982
    212-806-5400 (Telephone)
    212-806-6006 (Facsimile)

    Henry E. Mendia, *admitted pro hac vice*

    200 South Biscayne Boulevard
    Miami, FL 33131-5323
    305-358-9900 (Telephone)
    305-789-9302 (Facsimile)

    Attorneys for Defendant, Sea Pioneer
    Shipping Corporation

Case No.: 07 Civ. 9876 (DLC)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 2, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

### SERVICE VIA CM/ECF NOTICE OF ELECTRONIC FILING

**ERIC EINAR LENCK, ESQ.**
**PAMELA LYNN SCHULTZ, ESQ.**
**PETER  JUDGE GUTOWSKI, ESQ.**
Freehill, Hogan & Mahar, LLP
80 Pine Street
New York, NY  10005
*Attorneys for Novoship UK Limited;*
  *Cally Shipholdings Inc.;*
  *Vital Shipping Corporation; and*
  *Dainford Navigation Inc.*

/s/ Elizabeth H. Cronise
Elizabeth H. Cronise