486-07/PJG
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiffs
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Gina Venezia (GV 1551)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOVOSHIP (UK) LIMITED, CALLY SHIPHOLDINGS INC., VITAL SHIPPING CORPORATION, and DAINFORD NAVIGATION INC.,

Plaintiffs,

- against -

WILMER RUPERTI, SEA PIONEER SHIPPING CORPORATION, and PMI TRADING INC., JOHN DOE (fictitious) and JOHN DOE INC. (fictitious),

Defendants.

**07-CV- 9876 (DLC)**

**DECLARATION OF GUTOWSKI IN SUPPORT OF CROSS MOTION**

Peter J. Gutowski, declares and states as follows:

1. I am an attorney duly admitted to practice before this Court and am a partner with the firm of Freehill, Hogan & Mahar, LLP, attorneys for Plaintiffs herein. I submit this declaration in support of Plaintiff's cross-motion for leave to file an amended complaint to name additional parties in whose name the Defendants are moving funds in contravention of the order of attachment and to take discovery with respect to the identity of the entities and manner in which Defendants are moving funds through New York in masked form.

2. Attached to this Declaration as Exhibit 1 is a copy of Sergeant Marine's Amended Verified Complaint filed in the Southern District in December bearing Civil Action No. 07-Civ.-10583 (JSR).

3. As outlined therein, Sergeant Marine, in its Verified Complaint, confirmed that Sea Pioneer, in an effort to avoid the attachment of assets, had instructed its creditors to remit freight payments which were otherwise due it to an entity called "Maroil Trading, Inc." According to the Verified Complaint, these instructions were issued in writing.

4. Efforts to secure copy of the writing were declined by counsel for Sergeant but to the extent the Complaint is verified, and to the extent the verification confirms that the sources of information outlined in the Complaint included documents provided to Sergeant Marine's counsel, and to the extent the Verified Complaint contains a specific reference to writings directing the alteration of these payments, there is more than a sufficient basis upon which to believe that these events have and are taking place.

5. In addition, Sea Pioneer has instructed its customers and/or the purchasers of its vessels to make payments due to it to other entities as well, including Maroil Inc., Global Ship Management C.A. and Sur Americana de Transporte. (See Exhibit 1 at ¶ 7-9.)

6. Based upon the foregoing, Plaintiffs seek leave to file an amended complaint to identify the entities being utilized to circumvent the order of attachment issued in this case, as these transfers should be restrained to the extent they represent assets which the Defendants have an interest.

7. Moving on, and subsequent to the issuance of the Court's March 19, 2008 decision, Plaintiffs recommenced service of the Process of Attachment.

8. On or about March 25, 2008, the Bank of America restrained a transfer that was initiated from a corporation called "Russneft Trading Inc." and destined for a corporation named "Gary Nader Corp.", since it contained a note from the originator to the beneficiary that the transfer was with reference to "Wilmur Ruperti". A copy of the notice from Bank of America is attached as Exhibit 2.

9. Russneft Trading is a large Russian oil trading house which recently set up offices in Geneva, the location from which the transfer was made.

10. Gary Nader is an exclusive Coral Gables art dealer which specializes in Latin American art.

11. I would respectfully submit that to the extent Mr. Ruperti operates in the oil trade, and has a residence in Florida, this transfer is further evidence of an effort on his part to circumvent the attachment (but nevertheless to continue to utilize the New York banking system) by having Russneft (who presumably owe a debt to him or one of his shell entities for an oil trade or carriage), to channel funds to Gary Nader in connection with the purchase of art.

12. In any event, we would respectfully submit that as the funds were restrained by the bank owing to thee reference to Defendant Ruperti, Plainitffs should be allowed immediate discovery on the nature of this transfer, and to establish the extent to which Defendants are otherwise flaunting the order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 16, 2008
at New York, New York

Peter J. Gutowski

# Ex. 1

BLANK ROME, LLP
Attorneys for Plaintiff
SARGEANT MARINE, INC.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARGEANT MARINE, INC,<br><br>Plaintiff,<br><br>-against-<br><br>MAROIL, INC., MAROIL TRADING, INC., SEA PIONEER SHIPPING CORP., GLOBAL SHIP MANAGEMENT C.A., and SUR AMERICANA DE TRANSPORTE,<br><br>Defendants. | 07 Civ. 10583 (JSR)<br><br>**AMENDED VERIFIED COMPLAINT** |




Plaintiff, SARGEANT MARINE, INC. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendants, MAROIL, INC. ("MAROIL"), MAROIL TRADING, INC. ("MAROIL TRADING"), SEA PIONEER SHIPPING CORP. ("SEA PIONEER"), GLOBAL SHIP MANAGEMENT C.A. ("GLOBAL"), and SUR AMERICANA DE TRANSPORTE ("SUR AMERICANA") (sometimes collectively "Defendants"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a corporation organized and existing under the laws of Florida with its principal place of business at 3020 Military Trail, Boca Raton, FL 33431.

3. At all material times, SEA PIONEER was and is a Panamanian corporation with its offices at Marbella 53 – OFIC 502, World Trade Center, Panama City, Republic of Panama.

4. At all material times, MAROIL, MAROIL TRADING, GLOBAL, and SUR AMERICANA were foreign corporations registered in Panama, with offices in Venezuela and no office or place of business within this Judicial District.

**AS A FIRST CLAIM AGAINST SEA PIONEER**

5. On or about October 27, 2007, Plaintiff, as operator of the vessel ASPHALT STAR, loaded a cargo of crude oil at Puerto Miranda, Venezuela and discharged it at Paulsboro, N. J., pursuant to a charter agreement with SEA PIONEER dated October 22, 2007.

6. Plaintiff performed all of its obligations pursuant to the aforesaid agreements, but Defendant has failed to pay freight in the amount of US$1,446,276.97 and a bar toll in the sum of $48,588.50, which has been due and owing to Plaintiff since at least November 7, 2007. The total principal amount owing to Plaintiff under the ASPHALT STAR charter party is $1,494,865.47.

**AS A SECOND CLAIM AGAINST MAROIL, MAROIL TRADING, GLOBAL AND SUR AMERICANA**

7. SEA PIONEER is in the business of carrying its customers' cargoes on vessels it owns and vessels it charters in from third parties, including Plaintiff.

8. In order to avoid attachments of its assets by the parties from whom it charters in vessels, and its other maritime creditors, and to sequester its assets from its creditors, including

Plaintiff, SEA PIONEER has instructed its customers in writing to remit payments of freight or other payments due it to MAROIL TRADING, which it describes as its parent company.

9. It is also believed that SEA PIONEER has instructed customers and/or the purchasers of its vessels to remit payments due it to MAROIL, GLOBAL, and/or SUR AMERICANA, which are also affiliates of SEA PIONEER.

10. Upon information and belief, SEA PIONEER, MAROIL TRADING, MAROIL, GLOBAL, and SUR AMERICANA are operated as a single business unit by their beneficial owner, Wilmer Ruperti, without regard to their separate corporate integrity, and the funds of each are intermingled with the funds of the others and used for the benefit of each other, as evidenced by SEA PIONEER's instruction that payments due it be remitted to other member(s) of the corporate group..

11. In view of SEA PIONEER's aforesaid instructions to its customers and others, MAROIL TRADING, MAROIL, GLOBAL, and SUR AMERICANA, are paying agents for SEA PIONEER, and funds transferred in the name of MAROIL TRADING, MAROIL, GLOBAL, and SUR AMERICANA are actually the property of SEA PIONEER.

12. By reason of the premises, MAROIL TRADING, MAROIL, GLOBAL, and SUR AMERICANA are liable to Plaintiff for the amounts due to Plaintiff in connection with the ASPHALT STAR charter party.

13. The ASPHALT STAR Charter provides for the arbitration of disputes in New York City. Defendants are all bound by the arbitration agreement. Plaintiff reserves its right to arbitrate its claim, pursuant to 9 U.S.C. § 8.

14. Arbitrators routinely award interest, arbitrators' fees, and legal costs to the successful party in a judicial or arbitral proceeding.

15. Plaintiff estimates that (a) interest in the sum of US$238,858 will be incurred at a rate of 8% for a period of 2 years; (b) recoverable legal costs will be awarded in the sum of US$100,000; and (c) recoverable arbitrators' fees will be awarded in the sum of US$60,000.

16. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

17. The total amount for which Plaintiff seeks Process of Maritime Attachment and Garnishment is **US$1,891,723.47**.

**WHEREFORE,** Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

18. B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of **US$1,891,723.47** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court award Plaintiffs their damages or retain jurisdiction over this matter through the entry of a judgment on the English judgments and/or arbitration awards.

D. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
December 5, 2007

Respectfully submitted,
BLANK ROME, LLP
Attorneys for Plaintiff

By ______________________
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

**VERIFICATION**

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

Jack A. Greenbaum

Sworn to before me this
5th day of December 2007

Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. In Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

BLANK ROME, LLP
Attorneys for Plaintiff
SARGEANT MARINE, INC.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARGEANT MARINE, INC,

Plaintiff,

-against-

MAROIL, INC., MAROIL TRADING, INC., SEA PIONEER SHIPPING CORP., GLOBAL SHIP MANAGEMENT C.A., and SUR AMERICANA DE TRANSPORTE,

Defendants.

07 Civ. 10583 (JSR)

**AMENDED AFFIDAVIT UNDER SUPPLEMENTAL RULE B**

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

JACK A. GREENBAUM, being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendants, Maroil, Inc., Maroil Trading, Inc., Sea Pioneer Shipping Corp., Global Ship Management C.A., and Sur Americana De Transporte ("Defendants"), foreign corporations, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendants are parties to a maritime contract of charter party and are foreign corporations with offices in Panama and Venezuela, and no offices or place of business within this judicial district.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistançe, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

JACK A. GREENBAUM

Sworn to before me this
5th day December, 2007

Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4733126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov-30, 2009

RA 120 FF / T

ORIGINAL

BLANK ROME, LLP
Attorneys for Plaintiff
SARGEANT MARINE, INC.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: __________
DATE FILED: 1-2-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARGEANT MARINE, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>MAROIL, INC., MAROIL TRADING, INC., SEA PIONEER SHIPPING CORP., GLOBAL SHIP MANAGEMENT C.A., and SUR AMERICANA DE TRANSPORTE,<br><br>Defendants. | 07 Civ. 10583 (JSR)<br><br>**ORDER RELEASING ATTACHED FUNDS AND DISCONTINUING ACTION** |

**WHEREAS**, on November 26, 2007, Plaintiff, SARGEANT MARINE INC., filed a Verified Complaint herein for damages, and praying for issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and,

**WHEREAS**, the Process of Maritime Attachment and Garnishment was issued and served on garnishees, and funds were restrained pursuant thereto, and

**WHEREAS** the parties have amicably resolved the claims that are the subject of this law suit , it is hereby,

**ORDERED**, that the Process of Maritime Attachment and Garnishment issued herein shall be and hereby is vacated and all garnishees are directed to release all funds that have been restrained pursuant thereto, and it is further

**ORDERED**, pursuant to F. R. Civ. P. Rule 41(a)(1), that, upon release of the restrained funds, this action shall be discontinued with prejudice and without costs.

Dated: December 21, 2007

SO ORDERED:

U.S.D.J.

Entry of the above order is consented to:

Blank Rome LLP
Attorneys for Plaintiff, Sargeant Marine, Inc.

By ______________________
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

# Ex. 2

```
< < < AIX VERSION 1.2 > > >

RCVD FROM NORTHERN TRUST INTL BK CO     NEW YORK, NEW YORK
SENDER'S DDA #
                                        *** Message: NOT TESTED. ***

TRN REF #: 20080325-00125981
------------------------------------------------------------------------
--------
       **** MESSAGE ENVELOPE ****                  ( Bank : NYK )

                                                    SND DATE: 08/03/25
SRC:CHP CALLER:                                     EXT:

RPT#          AMT:1,000,000.00         CUR:USD
TRDR#
TEST: {} DUE:                        TYP:FTR/     FNDS:S CHG:DB:N CD:N
COM:X CBL:N
------------------------------------------------------------------------
--------
DBT P/                                   CDT *D/         ADV:LTR
DEBIT VAL: 08/03/25                      CREDIT VAL: 08/03/25
NORTHERN TRUST INTL BK CO                GARY NADER CORPORATION
NEW YORK, NEW YORK                       62 NE 27TH ST
                                         MIAMI FL  33137-4432
SNDR REF NUM:2008032500233660            BNF:/             CHG:  BK?N
ORDERING BNK:S/                          GARY NADER CORP.
SCHRODER AND CO BANK AG
60, PFINGSTWEIDSTR.
ZURICH,CH                                ORIG TO BNF INFO:
ORIG:/                                      REF. WILMER RUPERTI
RUSSNEFT TRADING INC.
308093

REF NUM:FT0808500028


                         CHIPS 31 - RECEIVE NOTIFICATION [031] Receive
Data:
         Format version:    02       Value date:      2008/03/25
         Line number:       01       Time sent:       10:54:30
         Send participant:  0112
         Duplicate flag:    1 (Original)
         SSN: 0294468     ISN: 001609      OSN: 023221
[221] Delivery Data:
         Receive participant: 0959
         Beneficiary type:    N (Non-bank)
[260] Amount:               $1000000.00
[270] PSN:
[320] SWIFT field 20:
[321] SWIFT field 21:
[422] Beneficiary:                                    (No CHIPS lookup)
                            GARY NADER CORP.
[502] Originator:                          (No CHIPS lookup)
                            RUSSNEFT TRADING INC.

[512] Originator's Bank:                                 (No CHIPS
lookup)
[520] Instructing Bank:                             (CHIPS lookup key)
[527] Instructing Bank:                               (CHIPS supplied)


                            SCHRODER AND COMPANY BANK AG
                            P.O. BOX 792
                            8021 ZURICH, SWITZERLAND
[600] Orig to Benef info:REF. WILMER RUPERTI
```