**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| NOVOSHIP (UK) LIMITED, CALLY SHIPHOLDINGS, INC., VITAL SHIPPING CORPORATIONS, and DAINFORD NAVIGATION INC., | : <br> : <br> : <br> : <br> : |
| Plaintiffs, | :   Case No. 07 Civ. 9876 (DLC) <br> : |
| v. | : <br> : |
| WILMER RUPERTI, SEA PIONEER SHIPPING CORPORATION, and PMI TRADING, INC., JOHN DOE (fictitious) and JOHN DOE INC. (fictitious), | : <br> : <br> : <br> : <br> : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OR,**
**ALTERNATIVELY, FOR REDUCTION OF AMOUNT OF ATTACHMENT**

Table of Contents

Page

TABLE OF AUTHORITIES ........................................................................................................... ii

I. SUMMARY OF ARGUMENT .................................................................................................1

II. ARGUMENT ...........................................................................................................................4

    A.  Standard of Review on Motions for Reconsideration. .........................................................4

    B.  Contrary to the Court's March 19 Order, Plaintiffs Bear the Burden to Establish Choice of Law. ................................................................................................................................4

    C.  Plaintiffs Failed to Demonstrate Any Breach of Contract Damages, or Grounds to Hold Non-Contracting Entities Liable in Contract. ....................................................................7

III. CONCLUSION .....................................................................................................................10

# TABLE OF AUTHORITIES

## CASES

*Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*,
   460 F.3d 434 (2d. Cir. 2006)..................................................................................5, 6

*Ari and Co., Inc. v. Regent International Corp.*,
   273 F. Supp. 2d 518 (S.D.N.Y. 2003)........................................................................8, 9

*Carolco Pictures, Inc. v. Sirota*,
   700 F. Supp. 169 (S.D.N.Y. 1988).................................................................................4

*Clarkson Co. Ltd. v. Shaheen*,
   660 F.2d 506 (2d Cir. 1981)...........................................................................................6

*Dominion Bulk International, S.A. v. Naviera Panoceanica*, S.A.C.,
   2007 A.M.C. 186, 2006 WL 3408799 (S.D.N.Y. Nov. 21, 2006)....................................7

*F.W.F., Inc. v. Detroit Diesel Corp.*,
   494 F. Supp. 2d 1342 (S.D. Fla. 2007) .........................................................................6

*Gartner v. Snyder*,
   607 F.2d 582 (2d Cir. 1979)..........................................................................................10

*Giovanniello v. N.Y. Law Publ'g Co.*,
   Case No. 07 Civ. 1990 (HB), 2007 WL 4320757 (S.D.N.Y. Dec. 11, 2007).....................7

*Interocean Shipping Co. v. National Shipping and Trading Corp.*,
   523 F.2d 527 (2d Cir. 1975)..........................................................................................10

*J.K. International, Pty., Ltd. v. Agriko S.A.S.*,
   No. 06-CV-13259 (KMK), 2007 WL 485435 (S.D.N.Y. Feb. 13, 2007)...........................6

*Keles v. Yale University*,
   889 F. Supp. 729 (S.D.N.Y. 1995) aff'd, 101 F.3d 108 (2d Cir. 1996) ...........................6

*Kenney v. New York City Department of Education*,
   No. 06 Civ. 5770(HB), 2008 WL 40166 (S.D.N.Y. Jan. 2, 2008)....................................4

*Kirno Hill Corp. v. Holt*,
   618 F.2d 982 (2d Cir. 1980)..........................................................................................10

*Norfolk South Railway Co. v. Kirby*,
   543 U.S. 14 (2004)..........................................................................................................5

*Northern Tankers Cyprus Ltd. v. Lexmar Corp.*,
   781 F. Supp. 289 (S.D.N.Y. 1992)..................................................................................7

*OGI Oceangate Transportation Co. Ltd. v. RP Logistics PVT. Ltd.,*
    No. 06 Civ. 9441 (RWS), 2007 WL 1834711 (S.D.N.Y. June 6, 2007) ...........................5

*Ronda Ship Management Inc. v. Doha Asian Games Organising Committee,*
    511 F. Supp. 2d 399 (S.D.N.Y. 2007)................................................................9

*Sea Transport Contractors, Ltd. v. Industrial Chemiques du Senegal,*
    411 F. Supp. 2d 386 (S.D.N.Y. 2006)................................................................9

*Sonito Shipping Co. Ltd. v. Sun United Maritime Ltd.,*
    478 F. Supp. 2d 532 (S.D.N.Y. 2007)................................................................7

*T & O Shipping, Ltd. v. Source Link Co., Ltd.,*
    No. 06-CV-7724 (KMK), 2006 WL 3513638 (S.D.N.Y. Dec. 5, 2006) ...........................6

*Transportes Navieros y Terrestes, S.A. de D.V. v. Fairmount Heavy Transp., N.V.,*
    No. 07 CV 3076(LAP), 2007 WL 1989309........................................................9

*Williamson v. Recovery Partnership Ltd.,*
    Case No. 06 Civ. 5724 (LTS), 2007 WL 102089 (S.D.N.Y. Jan. 16, 2007) ......................7

## STATUTES

2 Thomas J. Schoenbaum, *Admiralty & Maritime Law* § 11-17 (4th ed. 2008).............................8

1 Williston on Contracts § 2:12 n.12 ......................................................................8, 9

24 Williston on Contracts § 64:1 .........................................................................8, 9

Restatement (Second) of Contracts § 347..................................................................8

20 Am. Jur. 2d *Covenants* § 52 (2008) .....................................................................8

Defendants Wilmer Ruperti ("Ruperti"), Sea Pioneer Shipping Corporation ("Sea Pioneer") and PMI Trading, Inc. ("PMI") (collectively, "Defendants") make a restricted appearance pursuant to Fed. R. Civ. P. Admiralty Supp. R. E(8), and respectfully submit this Reply Memorandum of Law in Support of their Motion for Reconsideration, Pursuant to Local Rule 6.3, of the Court's March 19, 2008 Memorandum Opinion and Order (hereinafter, the "March 19 Order") or, alternatively, for a reduction of the amount of attachment, pursuant to Fed. R. Civ. P. Admiralty Supp. R. E(6).

## I.  SUMMARY OF ARGUMENT

In the instant motion, Defendants have requested that the Court reconsider its finding that maritime contract jurisdiction exists in this case or, alternatively, that the Court reduce the amount of the attachment authorized in its March 19 Order from $17,149,420 to zero. Defendants explained in their opening brief that Plaintiffs have failed to identify any contract damages that flow from the conduct attributed to any of the Defendants, whether PMI, alleged to have been a party to contracts with Plaintiffs, or Sea Pioneer or Ruperti, not alleged to have been a party to contracts with Plaintiffs.  Absent contract damages, no claim for breach of the implied covenant of good faith can be maintained and no attachment for any amount can be supported.

In response to this argument, Plaintiffs state in their Opposition to Defendants' Motion for Reconsideration ("Opposition" or "Opp.")[1], that their complaint "details fully the elements of damages" which they seek to recover based on Defendants' conduct, "whether that conduct is labeled as a breach of fair dealing/good faith or a tort."  Opposition at 11.  Plaintiffs conclude that, as a result, "the suggestion that Plaintiffs have not alleged any damages flowing from

---

[1] Plaintiffs assert what they term a "cross-motion" seeking to amend the complaint and obtain discovery as a part of their Opposition.  Parties have ten days in which to respond to any motion according to Local Rule 6.1. Defendants will respond to Plaintiffs "cross-motion" pursuant to the timetable prescribed in the Local Rule.

Defendants' breach of their obligation of fair dealing and good faith is simply nonsense." *Id.* However, the question is not whether Plaintiffs have alleged damages, but whether the damages they have alleged aim to recover the benefit of the bargain under the contracts they claim were breached. The alleged damages clearly do not, nor have Plaintiffs argued that they do. Plaintiffs do not claim that they are owed any sums under the alleged charter contracts, nor can they.

It follows that Plaintiffs' have not stated a cause of action for breach of contract. Contract damages – those that seek to place the aggrieved party in the same economic position as if the contract were performed – are an elementary and necessary element of a cause of action for breach of contract, including a claim for breach of the implied covenant of good faith and fair dealing. Assuming the allegations in Plaintiffs' complaint are correct and can be proved, which Defendants roundly deny, Plaintiffs may be entitled to some recovery, but not for breach of the alleged charter contracts. The sums Plaintiffs seek to recover are not sums owed by any of the Defendants under the alleged contracts. Plaintiffs certainly do not claim otherwise.

As Defendants pointed out in their Opposition to the Renewal Motion, a claim for breach of the implied covenant of good faith and fair dealing must relate to an express term in the contract. Otherwise, the implied duty would become an instrument to rewrite a contract after a dispute arises, and would give rise to claims for recovery of sums that were never part of the bargain nor part of the reasonable economic expectations of the contracting parties. A claim for breach of the implied duty of good faith and fair dealing, therefore, must be grounded in the terms of the contract alleged to have been breached.

Plaintiffs have cited no authority that would even remotely support the use they seek to make of the implied covenant of good faith and fair dealing in this case. Specifically, Plaintiffs have cited no authority that would allow the implied covenant to support a claim for sums that

were not contemplated in the contract alleged to have been breached or for claims against defendants that were never parties to that contract.    Instead, Plaintiffs make a procedural objection; they contend that Defendants arguments are improper on a motion for reconsideration because they were not made earlier.    However, it is precisely because the alleged breach of the implied covenant of good faith and fair dealing claim does not rest upon the terms of the alleged contracts – the precise argument made by Defendants in earlier pleadings – that the damages Plaintiffs seek cannot be recovered in contract against any of the Defendants, including Sea Pioneer and Ruperti, who are not even alleged to have been contracting parties.

As Defendants have argued in each and every submission to this Court, Plaintiffs bear the burden of showing that the attachment they seek complies with the requirements under Rules B and E.    Those requirements include, *inter alia*, a showing that Plaintiffs possess a valid *prima facie* admiralty claim against Defendants.    An order granting a maritime attachment when no *prima facie* admiralty claim has been shown necessarily warrants reconsideration, since such an order necessarily represents clear error, constitutes manifest injustice and overlooks controlling law.    Plaintiffs in this case have not shown that they possess a valid *prima facie* admiralty contract claim against any of the Defendants.    Plaintiffs do not allege that they are contractually due any sums from Defendants, a dispositive fact that Plaintiffs do not dispute.    Plaintiffs' Amended Particulars of Claim in the London lawsuit makes clear that the entirety of the damages Plaintiffs seek arise out of the alleged tortious conduct they attribute to Defendants.[2]

---

[2]    Plaintiffs spend numerous pages of their Opposition attempting to explain the discrepancy between their representations to this Court that their claims in London sound in breach of contract such that admiralty contract jurisdiction exists here, and the fact that their pleadings in London contain no such claim.    Plaintiffs berate Defendants for failing to obtain those pleadings on their own in advance of briefing on jurisdiction in this matter. While Defendants set out to obtain copies of the London pleadings as early as November 2007, they did not obtain them until after briefing was concluded on Plaintiffs' Renewal Motion as indicated in Defendants' opening brief. What matters with regard to the London lawsuit is that: 1) Plaintiffs assert no breach of contract claim of any kind in the London action; 2) the entirety of the damages sought by Plaintiffs in the London lawsuit arise from alleged tortious conduct, not from contract claims that are not even mentioned in London; 3) Plaintiffs failed to inform this

## II. ARGUMENT

### A.    Standard of Review on Motions for Reconsideration.

Motions for reconsideration fall within the discretion of the court and are governed by the standards set out in Local Civil Rule 6.3.  *See, e.g., Kenney v. New York City Dep't of Educ.*, No. 06 Civ. 5770(HB), 2008 WL 40166, at *1 (S.D.N.Y. Jan. 2, 2008).  Relief is available to the extent that the court overlooked controlling law or factual matters that were put before it or, alternatively, where the movant demonstrates a clear error or to prevent manifest injustice.  *Id.* (citing *Sequa Corp. v. GBJ Corp.*, 156 F. 3d 136, 144 (2d. Cir. 1998)); *see also Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988) (reconsideration may also be granted when "new facts come to light") (internal quotation omitted).  Plaintiffs repeatedly ignore the latter part of this standard in their Opposition.  Defendants' Motion should be granted because it satisfies all parts of the requisite standard for reconsideration.

### B.    Contrary to the Court's March 19 Order, Plaintiffs Bear the Burden to Establish Choice of Law.

Contrary to Plaintiffs' assertions in their Opposition to this motion, Defendants raised concerns about the choice of law issue in the very first pleading they filed in this case.  *See* Mem. In Support of Defs. Motion to Vacate at 17 n.6.  Defendants subsequently incorporated this argument by reference into their Opposition to Plaintiffs' Renewal Motion, and again noted Plaintiffs' failure to assert choice of law therein.  *See* Opposition to Renewal Motion at 1 n.1, 3 n.2.  Accordingly, Defendants' claim that the issue of choice of law is raised for the first time in

---

Court and Defendants that none of their claims in the London action sound in contract while simultaneously arguing that admiralty contract jurisdiction exists here to secure the London claims; 4) Plaintiffs cannot use United States admiralty law to secure an attachment purportedly in support of contract damages that do not exist and contract claims that have not been asserted; and 5) Plaintiffs use of the attachment remedy here is unauthorized and contrary to settled admiralty law in this country.  Importantly, Plaintiffs do not respond or even refute any of the foregoing considerations.  As appropriate, Defendants will address the implications of the foregoing considerations with the Court separately.

this Motion for Reconsideration is easily disposed of as false.

Moreover, Plaintiffs again decline in their Opposition to this Motion to satisfy their burden of showing that they have a valid *prima facie* admiralty claim by actually arguing which law should apply to their purported breach of implied covenant claim. *See, e.g., OGI Oceangate Transp. Co. Ltd. v. RP Logistics PVT. Ltd.,* No. 06 Civ. 9441 (RWS), 2007 WL 1834711, at *6 (S.D.N.Y. June 6, 2007).[3] Notably, Plaintiffs have made no showing whatsoever that a breach of implied covenant claim is even viable under the law of the jurisdiction that might control interpretation of the alleged charter party agreements, and again decline to attach the actual charter party agreements at issue.[4] Plaintiffs, moreover, do not dispute that authority from this jurisdiction holds that choice of law is a part of a Plaintiffs' burden in proving a valid *prima facie* admiralty contract claim such that admiralty contract jurisdiction may lie.[5] *Id.*

Plaintiffs, however, generally misapprehend Defendants' arguments on choice of law on this Motion. As Defendants noted in their Memorandum in Support, Defendants raised the issue of choice of law on this Motion for Reconsideration because the Court's opinion appears to improperly place the burden for establishing choice of law in an admiralty contract action on Defendants rather than Plaintiffs. If that was in fact the Court's intent, it constitutes clear error warranting reconsideration. *See, e.g., Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460

---

[3] Plaintiffs do not even attempt to distinguish authority cited by Defendants in this regard. Moreover, Plaintiffs fail to respond entirely to Defendants' argument that they have failed to assert any choice of forum or venue selection clause requiring this matter to be litigated in London.

[4] Plaintiffs admit that their pleadings in the London action contain no breach of implied covenant claim, nor any breach of contract claim against Defendants whatsoever, and concede that despite two recent amendments of the London action, Plaintiffs continue to assert only tort claims against Defendants in that case. *See* Opposition at 5.

[5] Plaintiffs assert that the Supreme Court's holding in *Norfolk S. Railway Co. v. Kirby*, 543 U.S. 14, 24 (2004) "made it clear that admiralty jurisdiction is determined based on the nature and character of the underlying facts rather than on any choice of law analysis." Opposition at 9. Nowhere in *Norfolk Southern Railway* is any such principle stated. Rather, the Court merely pointed out that when determining whether maritime contract jurisdiction, as opposed to maritime tort jurisdiction, exists, the trial court must look to the underlying nature of the contract. *Id.*

F.3d 434, 445 n.5 (2d. Cir. 2006) (Admiralty Rules "clearly place[] the burden on the plaintiff to show that an attachment was properly ordered and complied with the requirements of Rules B and E."); *T & O Shipping, Ltd. v. Source Link Co., Ltd.,* No. 06-CV-7724 (KMK), 2006 WL 3513638, at * 2 (S.D.N.Y. Dec. 5, 2006); *J.K. Int'l, Pty., Ltd. v. Agriko S.A.S.*, No. 06-CV-13259 (KMK), 2007 WL 485435, at *2 (S.D.N.Y. Feb. 13, 2007).

In their Renewal Motion, Plaintiffs cited to cases applying federal maritime contract law. As noted in Defendants' Memorandum of Law in support of this motion, federal maritime contract law is made up of traditional commercial contract principles that are routinely applied by federal courts sitting in admiralty. *F.W.F., Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342, 1356 (S.D. Fla. 2007) ("It should, therefore, not come as a surprise to learn that general federal maritime law has adopted the general rules of contract interpretation and construction."). Thus, in their Opposition to Plaintiffs' Renewal Motion, Defendants argued that under the traditional contract principles invoked by Plaintiffs, no claim for breach of the implied covenant of good faith and fair dealing was stated in this case. Plaintiffs' burden to plead and prove applicable law, however, does not shift to Defendants simply because Defendants elected to demonstrate that under the substantive law invoked by Plaintiffs no breach of contract claim was shown.

Moreover, Defendants' argument under federal admiralty contract law does not suspend Plaintiffs' obligation to plead and prove that they possess a valid *prima facie* admiralty contract claim under the law that will control the dispute, particularly when Defendants have pointed out at every turn that Plaintiffs have failed to properly assert the substantive choice of law that applied to their claims such that jurisdiction could be properly evaluated.[6] As discussed below

---

[6] Defendants have never conceded that United States law applies to Plaintiffs' claims, and authority cited by Plaintiffs in support of this proposition is in any event distinguishable. *See Clarkson Co. Ltd. v. Shaheen*, 660 F.2d 506 (2d Cir. 1981) (not an admiralty case); *Keles v. Yale Univ.*, 889 F. Supp. 729 (S.D.N.Y. 1995) aff'd, 101 F.3d 108 (2d Cir. 1996) (not an admiralty case).

and in the opening brief as well as in Defendants' Opposition to the Renewal Motion, even under the traditional contract principles Plaintiffs have invoked, Plaintiffs cannot show that they possess a valid *prima facie* contract claim. Since Plaintiffs have pointed to no other substantive law, they have failed to meet their burden of showing that they possess a valid *prima facie* admiralty contract claim.[7]

### C.    Plaintiffs Failed to Demonstrate Any Breach of Contract Damages, or Grounds to Hold Non-Contracting Entities Liable in Contract.

Plaintiffs cite no authority whatsoever in opposition to Defendants' argument that Plaintiffs have failed to show any contract damages, and do not even attempt to contest the wealth of authority cited by Defendants in support the proposition that Plaintiffs must show damages stemming from a contract breach in order for their purported contract claim to be properly pled and for admiralty contract jurisdiction to exist here. Instead, Plaintiffs weakly claim, without any citation to any authority of any kind, that they asserted damages generally stemming from their tort allegations in their Complaint, and that should be enough. It is not. Plaintiffs have not shown that they are contractually due <u>any</u> amounts under the charter party agreements at issue, and thus have failed to satisfy their burden of showing that a valid *prima facie* admiralty contract claim exists here. *See, e.g., Northern Tankers Cyprus Ltd. v. Lexmar Corp.*, 781 F. Supp. 289, 291 (S.D.N.Y. 1992) (as is the case in any contract action, plaintiff bears burden of establishing a claim for damages based on breach of a charter party). As noted

---

[7] Certain of Plaintiffs cases support Defendants here. *See Giovanniello v. N.Y. Law Publ'g Co.*, Case No. 07 Civ. 1990 (HB), 2007 WL 4320757 (S.D.N.Y. Dec. 11, 2007) (plaintiffs must plead choice of law to establish subject matter jurisdiction; upholding dismissal of plaintiff's claim for failure to argue choice of law on motion to dismiss); *Sonito Shipping Co. Ltd. v. Sun United Maritime Ltd.*, 478 F. Supp. 2d 532, 536-37 (S.D.N.Y. 2007) ("[t]he existence vel non of a valid maritime claim for purposes of Rule B attachment turns upon the applicable substantive law;" validity of Rule B attachment depends on whether plaintiff has a valid maritime claim under law applicable choice of law; vacating attachment for want of jurisdiction). Other cases cited by Plaintiffs in support are distinguishable. *Dominion Bulk Int'l, S.A. v. Naviera Panoceanica, S.A.C.*, 2007 A.M.C. 186, 2006 WL 3408799 (S.D.N.Y. 2006) (no dispute on admiralty jurisdiction); *Williamson v. Recovery P'ship Ltd.*, Case No. 06 Civ. 5724 (LTS) (FM), 2007 WL 102089 (S.D.N.Y. Jan. 16, 2007) (rejecting argument, not asserted here, that choice of law provision applying state law divested federal court of jurisdiction).

in Defendants' opening brief, the measure of damages to be applied in charter party cases are based on recoverable damages for breach of contract; "the aggrieved party is to be placed in the same economic position he would have had if the contract were performed." 2 Thomas J. Schoenbaum, *Admiralty & Maritime Law* § 11-17 (4th ed. 2008).

Moreover, while breach of the implied covenant of good faith and fair dealing may give rise to a claim for relief, there are limits on its scope. *Ari and Co., Inc. v. Regent Int'l Corp.*, 273 F. Supp. 2d 518, 521-22 (S.D.N.Y. 2003).[8] It is the "intent and reasonable expectations" of parties entering into a given contract that fix the boundaries of the covenant of good faith and fair dealing, "provided that those expectations are consistent with the express terms of the contract." *Id.* at 522 (quoting *Cross & Cross Props., Ltd. v. Everett Allied Co.*, 886 F.2d 497, 502 (2d. Cir. 1989)). A breach of an implied covenant of good faith and fair dealing therefore "cannot exist in the absence of an underlying valid contract." *Id. See also* 24 Williston on Contracts § 64:1 (4th ed. 2007) (damages for breach of contract limited to amount placing the plaintiff in the same position it would have been had express terms of the contract been performed); 20 Am. Jur. 2d *Covenants* § 52 (2008) (usual measure of damages for breach of a covenant is compensation for the actual loss suffered by the breach); Restatement (Second) of Contracts § 347 (damages generally limited to the loss in value to plaintiff caused by the other party's failure to perform under the contract).

As a result, Plaintiffs here have failed to meet their burden of establishing a valid *prima facie* admiralty contract claim even under the substantive law they have invoked. None of the damages they seek to recover fall within the reasonable economic expectations under the alleged

---

[8]  Analysis of the validity of Plaintiffs' damages assertions is further compounded once again by their failure to establish the appropriate choice of law as was their burden, discussed *supra*.

charter contracts or would serve to place Plaintiffs "in the same economic position [they] would have had if the contract[s] were performed." This fact alone warrants dismissal for want of admiralty contract jurisdiction because a claim for breach of the implied covenant of good faith "cannot be used to create independent obligations beyond the contract." *Ari*, 273 F. Supp. 2d at 523. *See, e.g.*, 24 Williston on Contracts § 64:1 (4th ed. 2007) ("a plaintiff may recover no more than is necessary to provide what he or she would have obtained had both parties fully performed their respective promises;" "that is all that the plaintiff expected to receive from the defendant's performance…."). Plaintiffs have simply failed to demonstrate that they had <u>any</u> economic expectation under the charter parties which was not already fulfilled.

Plaintiffs also do not fundamentally dispute that an attachment must be reduced where the amount sought does not comport with the underlying claims at issue. *See, e.g., Ronda Ship Mgmt. Inc. v. Doha Asian Games Organising Comm.*, 511 F. Supp. 2d 399, 406 (S.D.N.Y. 2007); *Transportes Navieros y Terrestes, S.A. de D.V. v. Fairmount Heavy Transp., N.V.*, No. 07 CV 3076(LAP), 2007 WL 1989309, at *5 (S.D.N.Y. July 6, 2007). Where the allegations concern a breach of a charter party, attachment is only appropriate up to the amount of damages proscribed in the express terms of the contract concerning damages in the event of a breach. *See, e.g., Sea Transp. Contractors, Ltd. v. Indus. Chemiques du Senegal*, 411 F. Supp. 2d 386, 396 (S.D.N.Y. 2006) (reducing amount of attachment based on express terms in charter party governing breach of contract damages).

Plaintiffs also ignore the black-letter contract law requirement that only a party to a contract may be sued for its breach. *See, e.g.,* 1 Williston on Contracts § 2:12 n.12 (4th ed. 2007) (citing *C.F. Starita Co., Inc. v. Compagnie Havraise Peninsulaire de Navigation a Vapeur*, 52 F.2d 58, 62 (2d Cir. 1931) for principle that "a principal is not liable under a sealed

instrument unless he appears by its terms to be a party"). Plaintiffs cite no cases supporting their claim that admiralty contract jurisdiction may be exercised here over Ruperti and Sea Pioneer when neither were parties to the charter agreements and when no part of the performance under the alleged contracts is claimed to have been withheld. Plaintiffs then attempt, without any evidence, to make an alter ego argument. In certain limited circumstances, a court may pierce the corporate veil to attach liability to individual shareholders, but mere ownership of a corporation does not justify the piercing of the corporate veil, as cases cited by Plaintiffs hold. *See, e.g., Kirno Hill Corp. v. Holt*, 618 F.2d 982, 985 (2d Cir. 1980) (declining to pierce corporate veil where no evidence that individual used corporation to a fraudulent end); *Gartner v. Snyder*, 607 F.2d 582, 586-88 (2d Cir. 1979) (declining to pierce corporate veil due to lack of evidence that individual used corporations for personal business); *Interocean Shipping Co. v. Nat'l Shipping and Trading Corp.*, 523 F.2d 527, 539 (2d Cir. 1975) (declining to pierce corporate veil and bind corporations to arbitration clause they did not execute absent evidence of corporate control akin to fraud). Moreover, in none of Plaintiffs' cases is the corporate veil pierced to enforce a contract against someone who did not enter into it when the performance due from the contracting party was complete. Plaintiffs here have made no showing whatsoever that Sea Pioneer and Ruperti should be held liable for a purported breach of contract to which they were never a party and, consequently, have failed to meet their burden of showing that they possess a valid prima facie admiralty contract claim against either one.

## III.  CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court reconsider its March 19 Order, deny Plaintiffs' Renewal Motion and vacate the attachment and dismiss this action against Defendants for want of admiralty jurisdiction or, in the alternative, reduce the amount of the attachment to zero.

-10-

Respectfully submitted,


STROOCK & STROOCK & LAVAN, LLP



By: /s/ Elizabeth H. Cronise_____

      James L. Bernard (JLB-4273)
      Elizabeth H. Cronise (EC-7024)

      180 Maiden Lane
      New York, NY 10038-4982
      212-806-5400 (Telephone)
      212-806-6006 (Facsimile)

      Henry E. Mendia (*admitted pro hac vice*)

      200 South Biscayne Boulevard
      Miami, FL 33131-5323
      305-358-9900 (Telephone)
      305-789-9302 (Facsimile)

Attorneys for Defendants Wilmer Ruperti, Sea Pioneer
      Shipping Corporation and PMI Trading, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

## SERVICE VIA CM/ECF NOTICE OF ELECTRONIC FILING

**ERIC EINAR LENCK, ESQ.**
**PAMELA LYNN SCHULTZ, ESQ.**
**PETER JUDGE GUTOWSKI, ESQ.**
Freehill, Hogan & Mahar, LLP
80 Pine Street
New York, NY  10005
*Attorneys for Novoship UK Limited;*
  *Cally Shipholdings Inc.;*
  *Vital Shipping Corporation; and*
  *Dainford Navigation Inc.*

/s/ Elizabeth H. Cronise
Elizabeth H. Cronise