UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
NOVOSHIP (UK) LIMITED, CALLY  :
SHIPHOLDINGS, INC., VITAL SHIPPING :
CORPORATIONS, and DAINFORD    :
NAVIGATION INC.,              :
                              :
            Plaintiffs,       :   Case No. 07 Civ. 9876 (DLC)
                              :
      v.                      :
                              :
WILMER RUPERTI, SEA PIONEER SHIPPING :
CORPORATION, and PMI TRADING, INC., :
JOHN DOE (fictitious) and JOHN DOE INC. :
(fictitious),                 :
                              :
            Defendants.       :
------------------------------x

**OPPOSITION TO PLAINTIFFS' "CROSS-MOTION" FOR LEAVE TO AMEND**

Defendants Wilmer Ruperti ("Ruperti"), Sea Pioneer Shipping Corporation ("Sea Pioneer") and PMI Trading, Inc. ("PMI") (collectively, "Defendants") make a restricted appearance pursuant to Fed. R. Civ. P. Admiralty Supp. R. E(8), and respectfully submit this Opposition to Plaintiffs' "Cross-Motion" for leave to amend the Complaint and to take discovery. Defendants state as follows.

## I. INTRODUCTION

At the close of their Opposition to Defendants' Motion for Reconsideration or, Alternatively, to Reduce Amount of Attachment, Plaintiffs assert what they termed to be a "cross-motion" for leave to amend their Complaint and to take discovery ("Motion"). The proposed amended complaint, however, is not attached to Plaintiffs' Motion and Plaintiffs do not articulate a basis to amend their pleading (for a second time) under Rule 15 of the Federal Rules of Civil Procedure. Without more, these omissions in Plaintiffs' application for leave to amend require that it be denied. The absence of a proposed amended pleading, and of an articulated basis for the proposed amendment under Rule 15, prevent Defendants as well as the Court from evaluating or even responding to Plaintiffs' Motion. Likewise, Plaintiffs' request to conduct discovery should be denied since it is not clear what discovery Plaintiffs contemplate. While the discovery procedures under the Federal Rules of Civil Procedure are part of this proceeding, it is impossible for Defendants or this Court to determine whether the discovery Plaintiffs contemplate is appropriate under the Rules until their request is made known. These are elementary observations. Whether or not a proposed amended pleading or a proposed discovery request is appropriate turns on the contents of the proposed pleading or request, which in this case Plaintiffs have elected to withhold. For these reasons, Plaintiffs' Motion should be denied.

Instead of articulating grounds under Rule 15 for the proposed amendment, or attaching copies of the proposed amended pleading and discovery, Plaintiffs support their motion with a new declaration from their counsel. This new declaration constitutes the latest installment in a pattern and practice of submitting irrelevant and speculative hearsay to the Court in an attempt to challenge the credibility of Defendants, as if doing so entitles Plaintiffs to a maritime attachment even when no valid *prima facie* admiralty claim has been shown. In this instance, Plaintiffs cite allegations made "upon information and belief" in an entirely unrelated lawsuit filed last year that was settled and discontinued with prejudice before any response was filed, *see* Gutowski Decl. at Ex. 1, and refer to the name Wilmer Ruperti that appears in the "orig to bnf info" field on a notice concerning a transfer from an entity named Rusneft Trading, Inc. to an entity named Gary Nader Corp. *See* Gutowski Decl. at Ex. 2. However, the significance of this purported "evidence" or Plaintiffs' counsel's interpretation of it to any issue fairly presented in this case is not evident.

Contrary to the thrust of Plaintiffs' Motion, a Rule B attachment affects only property in the jurisdiction that belongs to a named defendant and nothing else, including property of entities related to a named defendant or property of a non-defendant in which a named defendant may possess an interest. *See T&O Shipping, Ltd. v. Source Link Co., Ltd.*, 2007 A.M.C. 224, 2006 WL 3513638, at *4-7 (S.D.N.Y. 2006) (vacating attachment against non-party company related to defendant but not named in complaint; fact that defendant may have an "interest" in the funds is irrelevant); *DS Bulk Pte. Ltd. v. Calder Seacarrier Corp.*, Case No. 05 Civ. 10146 (SHS), 2006 WL 1643110, at *1-2 (S.D.N.Y. June 13, 2006) (vacating attachment of assets of non-party, even where plaintiff asserted non-party was alter ego of named defendant, for failure to satisfy Rule

B).[1] It follows that Plaintiffs' repeated charge that Defendants are attempting to circumvent the attachment ordered by this Court, albeit premised on nothing more than rank speculation by their counsel, finds no support in the law, and none is cited in Plaintiffs' Motion. Plaintiffs' Motion should be denied.

## II. ARGUMENT

In their Motion, Plaintiffs fail to cite any standard for leave to amend their Complaint. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend may only be granted "when justice so requires." This standard, however, is not absolute; "valid reasons for denying leave to amend include undue delay, bad faith or futility of the amendment," *Mackensworth v. S.S. Am. Merch.*, 28 F.3d 246, 251 (2d Cir. 1994), prejudice to the opposing party, *Foman v. Davis*, 371 U.S. 178, 182 (1962), or where the amendment "would not serve any purpose." *Kaster v. Modification Sys., Inc.*, 731 F.2d 1014, 1018 (2d Cir. 1984). *See also Go v. Rockefeller Univ.*, Case Nos. 04 Civ. 4008 (JSR)(HBP), 06 Civ. 1825 (JSR)(HBP), 2008 WL 619039, at *3 (S.D.N.Y. Mar. 8, 2008).

Moreover, a motion to amend must be rejected where the plaintiff "fail[s] to attach a copy of the proposed amended complaint to [its] motion papers" because otherwise the Court and the opposing party do not have an opportunity to understand the exact changes proposed. *Id.* at *3; *see also* numerous cases and authorities cited therein. Failure to attach a proposed pleading is a material defect on a motion to amend, especially where, as here, "it appears that plaintiff is

---

[1] These authorities establish that the attachment of the transfer from Rusneft Trading, Inc., to Gary Nader Corp. was contrary to the attachment ordered by this Court since neither the originator nor the beneficiary of the transfer was one of the Defendants in this suit. As far as Defendants are aware, Plaintiffs have not instructed the attaching bank to release the funds seized in that attachment.

seeking to amend [its] complaint to assert additional unspecified claims. Without knowing what those claims are, it is impossible to determine whether they are futile." *Id.*

In light of these standards, Plaintiffs' Motion should be swiftly rejected by this Court. Plaintiffs fail to attach a copy of their proposed amendment, and do not even attempt to claim that their Motion satisfies the requirements of Rule 15(a). Absent a copy of the proposed amended complaint, neither Defendants nor the Court are in a position to determine whether Plaintiffs' proposed new allegations constitute entirely baseless claims, or whether Plaintiffs in fact have some basis for seeking amendment. Moreover, Plaintiffs offer no argument whatsoever that their proposed amendment is in the interests of justice. Thus, at best, Plaintiffs' attempt to pursue amendment at this time serves no purpose.

While discovery is permissible in admiralty actions under Supplemental Admiralty Rule A, as in all cases under the Federal Rules of Civil Procedure, Plaintiffs here ask that this Court approve discovery requests that Plaintiffs have yet to reveal. Plaintiffs in essence seek a blank check from this Court to engage in undisclosed and unlimited discovery. The use of discovery as proposed by Plaintiffs here is routinely rejected by the courts because "discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action." *Ciriello v. Dept. of Defense*, No. Civ. 3:01CV2149(PCD), 2001 WL 34312993, at *1 (D. Conn. Nov. 30, 2001) (citation omitted). As numerous courts have recognized both in the context of a motion to amend or otherwise, bare and conclusory allegations alone cannot form the platform for launching an extensive, litigious fishing expedition in the hopes of finding something to support a plaintiff's speculative allegations. *See, e.g., Grand Bahama Petroleum Co., Ltd. v. Asiatic Petroleum Corp.*, 550 F.2d 1320, 1327 (2d Cir. 1977) (absent prima facie showing, discovery on

4

jurisdictional issues would be nothing more than fishing expedition designed to needlessly delay proceeding); *Norvel Ltd. v. Ulstein Propeller AS*, 161 F. Supp. 2d 190, 208 (S.D.N.Y. 2001) (denying discovery in admiralty case because allowing such discovery, absent a showing of personal jurisdiction, would constitute a "fishing expedition"); *Park West Radiology v. Carecore Nat'l, LLC*, __ F. Supp. 2d __, No. 06 Civ. 13516(VM), 2008 WL 1813015, at *1 (S.D.N.Y. Apr. 17, 2008) (denying discovery that constituted fishing expedition for evidence supporting speculative claims against third parties that had tangential relationship, if any, to actual claims in case); *CVC Claims Litig. LLC v. Citicorp Venture Capital Ltd.*, Case No. 03 Civ. 7936 (DAB), 2007 WL 2915181, at *4 (S.D.N.Y. Oct. 3, 2007) (conclusory allegations alone insufficient to support extensive, litigious fishing expedition of discovery). *See also The Tordenskjold v. Alaska S.S. Co.*, 53 F.2d 266, 267 (W.D. Wash. 1931) (denying discovery in an admiralty action where discovery was "purely a 'fishing expedition' with a view of discovering facts upon which to predicate a cause of claim").[2]

Plaintiffs here have offered nothing other than conclusory allegations, innuendo and speculation in support their Motion, and their request for discovery and for leave to amend should be denied.

---

[2] Plaintiffs cite only two cases in support of their request for discovery. Those cases are facially distinguishable. *See Maryland Tuna Corp. v. MS Benares*, 429 F.2d 307, 311 (2d Cir. 1970) (allowing discovery relating to two named defendants concerning personal jurisdiction); *Rolls Royce Indust. Power (India) v. M.V. Fratzis M.*, 1996 A.M.C. 390, 1995 WL 314635, at *2 (S.D.N.Y. 1995) (allowing discovery of garnishee bank to determine extent of attachable assets of named defendant). Neither stands for the proposition that a plaintiff in admiralty should be given unbridled discovery relating to unnamed parties for purposes of shoring up future and wholly speculative potential claims.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' "Cross-Motion" for leave to amend the Complaint and take discovery.

Respectfully submitted,

STROOCK & STROOCK & LAVAN, LLP

By: /s/ Elizabeth H. Cronise

    James L. Bernard (JLB-4273)
    Elizabeth H. Cronise (EC-7024)

    180 Maiden Lane
    New York, NY 10038-4982
    212-806-5400 (Telephone)
    212-806-6006 (Facsimile)

    Henry E. Mendia (*admitted pro hac vice*)

    200 South Biscayne Boulevard
    Miami, FL 33131-5323
    305-358-9900 (Telephone)
    305-789-9302 (Facsimile)

    Attorneys for Defendants Wilmer Ruperti, Sea Pioneer Shipping Corporation and PMI Trading, Inc.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on April 30, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

## SERVICE VIA CM/ECF NOTICE OF ELECTRONIC FILING

**ERIC EINAR LENCK, ESQ.**
**PAMELA LYNN SCHULTZ, ESQ.**
**PETER JUDGE GUTOWSKI, ESQ.**
Freehill, Hogan & Mahar, LLP
80 Pine Street
New York, NY  10005
*Attorneys for Novoship UK Limited;*
*Cally Shipholdings Inc.;*
*Vital Shipping Corporation; and*
*Dainford Navigation Inc.*

                                      /s/ Elizabeth H. Cronise
                                      Elizabeth H. Cronise