486-07/PJG/EEL
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiffs
80 Pine Street
New York, NY  10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Gina Venezia (GV 1551)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOVOSHIP (UK) LIMITED, CALLY SHIPHOLDINGS INC., VITAL SHIPPING CORPORATION, and DAINFORD NAVIGATION INC.,

        Plaintiffs,

  - against -

WILMER RUPERTI, SEA PIONEER SHIPPING CORPORATION, and PMI TRADING INC., JOHN DOE (fictitious) and JOHN DOE INC. (fictitious),

        Defendants.

07-CV- 9876 (DLC)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**<u>PLAINTIFFS' CROSS-MOTION</u>**

**PRELIMINARY STATEMENT**

This reply memorandum is submitted on behalf of Plaintiffs in further support of their cross-motion and in response to Defendants' opposition to that application. For the reasons set forth fully below, and in the moving papers, the relief sought should be granted.

**INTRODUCTION AND SUMMARY OF ARGUMENT IN REPLY**

In their cross motion, Plaintiffs seek combined relief, which includes: (i) leave to amend the process and the complaint to identify the entities through which Defendants are now moving their funds in circumvention of the Court's attachment order; and (ii) leave to take limited discovery of Defendants to identify with greater specificity the entities in whose name these fund transfers are being effected and the precise manner in which Defendants are circumventing the attachment.

The basis of the relief sought is the un-controverted evidence demonstrating that Defendants are indeed transferring funds through New York in a manner which is purposefully designed to mask the true identity of the entity with an "interest" in those funds. As previously outlined, and not contested by Defendants, Defendants have been using the name(s) of other entities (such as Maroil), which enables them to make use of the banking system here, but avoid capture under the PMAG because the names of the defendants will not appear on the transfers. Additionally, it appears that Mr. Ruperti is arranging for his debtors to pay his creditors *directly*, which enables him to utilize funds and assets (in which he has a clear "interest") to pass undetected through the garnishees hands. This evidence warrants an immediate amendment of the process (to identify the names of which we are presently aware) and should entitle Plaintiffs to discovery to identify any additional names (or techniques) being utilized to circumvent the attachment, for purposes of an amendment to the complaint as well.

Defendants' challenge to this relief is interesting more for what is **not** said than what is. Here, Defendants do not deny that what Plaintiffs say is going on is, in fact, happening, and they submit no declaration or affidavit to refute their subterfuge. Further, and although they mention the propriety of the restraint of the $1 million transfer for Mr. Ruperti's art, they do not formally challenge the restraint.[1] Instead, Defendants' opposition is couched in a feigned ignorance of the nature of the combined relief sought by Plaintiffs, overlaid by another procedural argument which has no application to the circumstances of *this* case and is designed to slow down any meaningful progress of the case.[2]

Acting as if the relief sought by Plaintiffs is disjunctive rather than combined, Defendants' only real arguments in opposition are that the motion should be denied because a copy of the proposed amended complaint was not attached to the motion and because, they allege, the type of discovery needed was not specified. As set forth more fully below, these arguments are without merit and the jurisprudence upon which Defendants base these arguments has no application to the case at bar.

---

[1] This argument is yet another of Defendants' *non-argued* arguments. In their motion for reconsideration Defendants asserted multiple non-argued arguments, which were not asserted as grounds for reconsideration (because they had no true substance) but were nevertheless included as innuendo designed to influence the outcome of their motion. (*See* Plaintiffs' Opp. to Mtn for Reconsideration). Here again, in its opposition to the cross motion, we see Defendants alluding to a suggestion that the transfer for the payment of the art should not have been restrained because the transfer was not specifically from or to one of the defendants – Mr. Ruperti's name not appearing in the "originator" or "beneficiary" fields in the subject wire transfer. The suggestion is, however, belied by Second Circuit authority which broadly construes the type and scope of property which can be attached, and thus we have yet another illustration of Defendants' propensity for submission of non-argued arguments they know have no traction, but are inserted for color.

[2] Contrary to their counsel's suggestion that Defendants were eager to get the substantive proceedings underway (Hearing Tr. 11), Defendants have steadfastly tried to stall the London proceedings, have not agreed to appear and defend the main claim in London, and have continued that same pattern here by lodging irrelevant arguments. (*See*, *e.g.*, Defendants' motion for reconsideration).

## **LEGAL DISCUSSION**

I.   **There Is No Requirement that a Motion to Amend Attach a Copy of the Proposed Amended Pleading, the Process Can and Should Be Amended Right Now, and the Amendment Should Come After the Discovery is Completed.**

The standards applicable to a motion to amend are well settled, and the text of Federal Rule of Civil Procedure 15(a) (2) explicitly requires leave be granted "when justice so requires." Fed R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The bases for denial of leave to amend are implicated when the amendment: (1) has been delayed unduly; (2) is sought for dilatory purposes or made in bad faith; (3) would prejudice the opposing party; or (4) would be futile. *Foman*, 371 U.S. at 182. Defendants here do not allege that any of these four bases are present, but rather add a new basis for denial – the mere failure to attach the proposed amended complaint to the moving papers. This challenge is legally insufficient and makes no sense in the context of our case, given the facts presently known and not challenged.

Turning first to the legal insufficiency, there is no hard and fast rule requiring a plaintiff to attach the proposed amended complaint to its moving papers. *Go v. Rockefeller Univ.,* Case Nos. 04-cv- 4008 (JSR) (HBP), 06-cv-825 (JSR) (HBP)*,* 2000 U.S. Dist. Lexis 17269 (S.D.N.Y. Mar. 8, 2008), upon which Defendants principally rely, and the cases cited therein are not to the contrary. In *Go*, Magistrate Judge Pittman denied the motion to amend without prejudice because he viewed the failure to attach the proposed amended complaint as a material defect *under the circumstances of that case* because the reasons articulated for the amendment were "vague", "confusing" and "unspecified". In that context, he felt that it was it difficult to comprehend the changes sought by the plaintiff. *Id.* at *7 and *12-13.

The *Go* court also relied on Judge Lynch's decision in *Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 233 F.R.D. 327, 329 (S.D.N.Y. 2005), in which Judge Lynch

recognized that there is no rule which requires a proposed amended complaint to be filed with a motion to amend, but denied the motion because prejudice to the defendant was actually present. *See also Christiana Gen. Ins. Corp. v. Great Am. Ins. Co.,* 745 F. Supp. 150, 164 (S.D.N.Y. 1990) (granting leave to amend since the defendant was not unduly prejudiced by plaintiff's failure to provide a proposed amended complaint or a draft of the amendment at time of motion).

The lack of authority for the proposition that the amended complaint must be attached was also recognized by Judge Wood in *Atkins v. Publications Int'l, Ltd.,* 91-cv-7427 (KMW), 1992 U.S. Dist. Lexis 15664 at *9 (S.D.N.Y. Oct. 15, 1992), in which she recognized the leniency permitted under Rule 15 and refused to deny a plaintiff's motion to amend simply because counsel had not attached a proposed amended complaint to the initial moving papers. *See also* 3 *Moore's Federal Practice*, ¶15.17 [1], p. 15-65 (Matthew Bender 3d ed.) (failure to attach a proposed amendment is not necessarily fatal to a motion to amend when the court is presented with the substance of the proposed amendment).

Here, the nature of the amendment is crystal clear – Plaintiffs will identify the names and the manner in which Defendants are circumventing the attachment order, such that the attachment will effectively capture the funds in which Defendants have an interest. But as Plaintiffs have only a limited understanding of what names Defendants are using, and as it is likely they are busy altering this arrangement as we speak, Plaintiffs need discovery so that they can draft a meaningful amendment and are not constantly one step behind Defendants' subterfuge. As such, it would make no sense to draft the pleading (nor could Plaintiffs meaningfully draft the pleading) until the discovery is obtained.

At the same time, and based upon the uncontested evidence regarding Maroil and the others being used to move funds through the district surreptitiously, an amendment to the process

(PMAG) could be accomplished right now, with an order to the Clerk to issue an amended PMAG. Then, once the full picture is revealed, an amendment to the complaint would follow to identify the manner in which the subterfuge is being orchestrated and the scope of the targets properly to be identified in the PMAG.

In conclusion, Defendants have not asserted any legal ground that would justify denial of the cross-motion to amend the complaint. Reliance on the hyper-technical argument that a copy of the proposed pleading was not attached is rather disingenuous given the fact that Defendants know Plaintiffs are playing catch-up on their subterfuge and sought the combined relief of discovery to provide the facts to make the amendment meaningful. In any event, that supposed defect is not a sufficient ground to deny the relief, and the PMAG should be amended anyway right now to identify the entities known to be used as dummy transferors and beneficiaries.

II.     **The Evidence to Date Reflects Defendants Have Taken Steps to Circumvent this Court's Order of Attachment, Warranting Discovery on Those Issues.**

As noted above, Defendants do not deny that they are transferring money through New York in a manner designed to evade the attachment. The reason for this is simple – they are doing it. As set forth in the Gutowski Declaration, the evidence available to Plaintiffs confirms that Defendants are doing this in multiple ways, including: (i) having debtors pay debts directly, and (ii) masking the names of the transferors and beneficiaries.[3]

---

[3] In a remarkable effort to actually obtain protection from the Court for their conduct, Defendants now assert, in their *non-argued* argument, that only fund transfers that specifically identify the defendant as the originator or beneficiary of a transfer are attachable. Such a notion runs *contra* to well-established Second Circuit authority that any asset in which a defendant has an "interest" is attachable, not just assets with their name stamped on them. *See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002) (emphatically acknowledging that "property" for purposes of Rule B is construed as broadly as possible); *see also Trans-Asiatic Oil Ltd., S.A. v. Apex Oil Co.*, 743 F.2d 956 (1st Cir. 1984) (affirming attachment of debt owed by a third party to a defendant); *Det Bergenske Dampskibsselskab v. Sabre Ship.Corp.,* 341 F.2d 50 (2d Cir. 1965) (intangible items attachable, including debts, even if not yet mature); *Essar v. Mar*

Under these circumstances, Defendants' contention – that Plaintiffs merely set forth "bare and conclusory allegations" as a platform for an extensive litigious fishing expedition – rings a bit hollow in view of their inability to muster even a whimper of a denial of the truth about their ongoing subterfuge. Plaintiffs are indeed asking to be allowed to go fishing (all discovery involves some degree of fishing), but here, the difference is that the lake is ***admittedly already stocked*** with trout. As such, reliance on those cases where an application for discovery was a true fishing expedition is of no relevance, and each is easily distinguishable.[4]

Plaintiffs' request for discovery could not be more succinct, and discovery is clearly warranted.

---

*Trade*, 2007 AMC 2017 (S.D.N.Y. 2007) (where Judge Pauley found that the payment actually for benefit of defendant was attachable); *Linea Naviera de Cabotaje, C.A. v. Mar Caribe de Navigacion, C.A.*, 169 F.Supp.2d 1341, 1357-59 (M.D.FL. 2001) (sustaining attachment of bank accounts of two companies arguably related to defendant because reasonable grounds to believe accounts controlled by defendant); *Oil Transport Co., S.A. v. Hilton Oil Transport*, 1994 A.M.C. 2817 (S.D.Tex 1994) (permitting attachment of arbitration award in favor of defendant).

[4] For instance, *Ciriello,* No. 3:01CV2149 (PCD), 2001 U.S. Dist. Lexis 25465 (D.Conn. 2001), involved the dismissal of an *in forma pauperis* action because the factual contentions were baseless and the product of delusion or fantasy and without any legal theory. Similarly, in *In Re Grand Bahama Petroleum Co.*, 550 F.2d 1320, 1327 (2d Cir. 1977), discovery requested for purposes of determining whether a corporation was doing business under a state "door closing" statute was denied and classified as a fishing expedition since the statute did not even apply in the first place. Similarly, the court in *Norvel Ltd.,* 161 F.Supp.2d 190, 208 (S.D.N.Y. 2001), denied plaintiff's request for additional personal jurisdiction discovery because it had already been determined that plaintiff failed to make a *prima facie* showing of personal jurisdiction.

The same holds true with the balance of the authority cited by Defendants, all of which is utterly irrelevant to this situation. *See e.g., Park West Radiology,* No. 06 Civ. 13516 (VM), 2008 U.S. Dist. Lexis 32604 (S.D.N.Y. Apr. 17, 2008) (involving denial of a request to obtain discovery from entities not party to the litigation); *CVC Claims Litig.*, Case No. 03 Civ. 7936 (DAB), 2007 U.S.Dist. Lexis 74723 (S.D.N.Y. Oct. 4, 2007) (involving dismissal of plaintiff's barren allegations of corporate and individual breaches of duty of loyalty but nothing to do with discovery requests); *Tordenskjold*, 53 F.2d 266 (W.D.Wash. 1931) (which pre-dated the FRCP and involved a request for discovery on issues for which the plaintiff had made no allegations).

## **CONCLUSION**

Defendants submit no legal or factual argument which warrants denial of the relief sought in the cross-motion, and the relief requested by Plaintiffs should be granted.

DATED:    New York, New York
          May 7, 2008

>                                   Respectfully submitted,
>
>                                   /s/ Peter J. Gutowoski
>                                   Peter J. Gutowski (PG 2200)
>                                   Gina M. Venezia (GV 1551)
>                                   FREEHILL HOGAN & MAHAR, LLP
>                                   80 Pine Street
>                                   New York, New York 10005
>                                   (212) 425-1900
>                                   *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on May 7, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all attorneys of record.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.

**VIA CM/ECF**:

| | |
|---|---|
| Elizabeth H. Cronise<br>STROOCK & STROOCK & LAVAN, LLP<br>180 Maiden Lane<br>New York, NY  10038-4982 | Henry E. Mendia<br>STROOCK & STROOCK & LAVAN, LLP<br>Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Suite 3100<br>Miami, FL 33131-5323 |

                                          /s/ Peter J. Gutowoski
                                          Peter J. Gutowski