

# STROOCK

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/08

By Hand

July 17, 2008

Elizabeth H. Cronise
Direct Dial 212-806-6686
Direct Fax 212-806-7686
ecronise@stroock.com

Hon. Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street, Room 1040
New York, NY 10007-1312

Re:  *Novoship (UK) Limited, Cally Shipholdings, Inc., Vital Shipping Corporation, and Dainford Navigation, Inc. v. Wilmer Ruperti, Sea Pioneer Shipping Corporation, and PMI Trading, Inc., John Doe (fictitious) and John Doe Inc. (fictitious)*, Case No. 07-CV-9876 (DLC)

Dear Judge Cote:

On June 20, 2008, this Court reaffirmed its earlier finding that the contract claims proffered by Plaintiffs in this action give rise to admiralty contract jurisdiction and consequently support the Rule B attachment ordered in this case. Shortly thereafter, Defendants requested that Plaintiffs confirm that those contract claims will be added in the London litigation, where Plaintiffs intend to litigate the merits of this dispute. See Email to Peter Gutowski and Gina Venezia, attached hereto as Exhibit A. Plaintiffs did not respond to our email, and thus Defendants now bring this matter before the Court.

While a plaintiff may secure an attachment in aid of a foreign proceeding based on a claim that has yet to be asserted overseas, the plaintiff must assert the claim in the foreign proceeding promptly following the entry of the attachment. *Wilhemsen Premier Marine Fuels AS, v. UBS Provedores PTY Ltd*, 519 F. Supp. 2d 399, 403-404 (S.D.N.Y. 2007) (noting that courts will allow a plaintiff to apply for an attachment in contemplation of litigation, but stating that the "Court will not hesitate to lift the attachment after a reasonable time if [plaintiff] fails to initiate litigation on the merits somewhere."). Otherwise, a defendant whose property has been attached would be left without a forum in which to litigate the merits of the claim that produced the attachment, and that result would be fundamentally unfair and amount to an abuse of the extraordinary attachment remedy. *Voyager Shipholding Corp. v. Hanjin Shipping Co., Ltd.*, No. Civ. 11123 (GEL), 2008 WL 400923, *5 n.* (S.D.N.Y. Feb. 13, 2008) (utilizing claims that applicant does not intend to actively litigate to obtain security constitutes abuse of process and requires vacatur of the attachment).

Hon. Denise L. Cote
July 17, 2008
Page 2

The limited inquiry employed by District Courts in evaluating attachment applications under Rule B, particularly in this Circuit, stems from the expectation that the merits of the claim for which security is sought will be litigated somewhere. This expectation informed this Court's March 19, 2008 decision re-instating the attachment. On page 10 of its Memorandum Opinion and Order, this Court stated:

> While defendants may ultimately be able to show – in the course of the London litigation – that the charter party contracts were never breached, the current record sufficiently demonstrates that plaintiffs have "a valid prima facie admiralty claim against the defendants[s]" based on a breach of the charters. (citations omitted).

Here, Plaintiffs' refusal to assert in London the claims for which they sought and obtained security here constitutes abuse of process and an attempt to deprive Defendants of their day in court on the very claims upon which the attachment rests.

Based on the foregoing, Defendants request that the attachment be vacated if Plaintiffs fail to make an application within ten days for leave to assert their contract claims in London. Defendants further reserve all rights to seek additional relief should Plaintiffs fail to do so.

We respectfully submit that this matter can be resolved on the basis of the authorities set forth in this letter. However, given the extraordinary nature of any attachment remedy, if after reviewing whatever response Plaintiffs submit the Court believes further argument or discussion of these authorities is necessary, we respectfully request that this issue be set down for a prompt hearing.

Respectfully submitted,

Elizabeth H. Cronise

*[Handwritten note: Denied as an untimely and second motion to reconsider the 3/19/08 Opinion.
Denise Cote
July 25, 2008]*

cc: Peter J. Gutowski, Esq.
Gina M. Venezia, Esq.