WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR†
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*▲
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA*△
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*○†
DANIEL J. FITZGERALD*†△
CAROLYN E. BUNDY
JAN P. GISHOLT†
SUSAN LEE*
EDWARD J. CARLSON

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
△ ALSO ADMITTED IN WASHINGTON, D.C.
○ ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE: (203) 358-8377

OF COUNSEL
GEORGE B. FREEHILL

RECEIVED NOV 10 2009 CHAMBERS OF DENISE COTE

November 9, 2009

Our Ref: 486-07/PJG/GMV

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/09

**BY HAND**
Honorable Denise L. Cote
United States District Judge
500 Pearl Street, Room 1040
New York, NY 10007

> Re:   Novoship et al. v. Wilmer Ruperti, et. al.
>        07-CV-9876 (DLC)

Dear Judge Cote,

We represent Plaintiffs in the referenced matter which involves a Rule B order of attachment. We write to advise the Court that due to developments which have occurred in the underlying proceedings in London, we have been instructed to stand down on the application to maintain the stay of the Court's previous vacatur of the attachment. In view of this, we will not be filing a brief today and the October 19, 2009, Order vacating the attachment can thus take effect.

By way of background, and as previously advised, eight (8) transfers were restrained as a result of the attachment order in the referenced case. Seven (7) of those involve transfers that were in the possession of intermediary banks at the time of the restraint. One of the transfers was in the possession of a beneficiary bank at the time of the restraint. A total of approximately $4.2 million was restrained. In the wake of *Jaldhi* and in response to the Court's order, we subpoenaed each of the banks involved to obtain information regarding the precise nature and status of the funds restrained, and were preparing our papers in support of the proposition that the attachment should nevertheless be maintained. The arguments included (i) no retroactive application of *Jaldhi* to undo the pre-existing restraints here and (ii) maintenance of the restraints in any event on all transfers that were in the process of being transferred from Defendants when stopped.

NYDOCS1/340785.1

Prior to *Jaldhi*, and during the course of these proceedings, Defendants had agreed in principle to provide security in the full amount of the attachment order, which general agreement was confirmed several times in writing by the parties to the Court. Defendants never disputed that they had and have an interest in each of the eight transfers. In fact, under the terms of the security arrangement, each of these fund transfers was earmarked to be transferred into an escrow account in London to be held for security for Plaintiffs' claims pending there.

After *Jaldhi* was issued and the Court ordered the release of the funds under attachment, counsel for Defendants requested that all funds be transferred to the client account of Defendants' London solicitors (Holman Fenwick). Plaintiffs had no objection but requested confirmation from Holmans that the funds would be maintained pursuant to the agreement as security. Holmans advised last week that Defendants would not agree to any such arrangement. In response, Plaintiffs' London solicitors sought an order from the English Court requiring Defendants to transfer the funds as originally requested into Holman's account to be held awaiting further order from the English Court.[1] This application was granted today. Holmans were informed of the application and attended the hearing. A further hearing is scheduled for November 23.

In view of the foregoing and while we were prepared to file our papers today in respect of a continuation of the stay and/or maintenance of the attachment, we have been instructed to stand down on any further application to the Court. The order vacating the attachment will thus take effect. We will coordinate with Defendants' counsel the transfer of the funds to Holmans' account.

In closing, we thank the Court for its repeated courtesies in this protracted litigation.

Respectfully submitted,

FREEHILL HOGAN & MAHAR LLP

Peter J. Gutowski
Gina M. Venezia

GMV:lu

cc: Via Email
Stroock Stroock Lavan, LLP
Attn: Henry Mendia, Esq. (hmendia@stroock.com)

*[Handwritten note:] The stay of the October 19, 2009 order is lifted. The Clerk of Court shall close the case. [signed] Denise Cote / Nov. 12, 2009*

---

[1] For the Court's guidance, the underlying claim is subject to the jurisdiction of the English High Court of Justice. Defendants have appeared in that action.

NYDOCS1/340785.1